UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

CASE NO.: 09-22132-BKC-EPK
Chapter 7

In Re:

NICHOLAS A. PANCOAST,

      Debtor(s).
_____/
MICHAEL R. BAKST, Trustee in Bankruptcy
for Nicholas A. Pancoast,

      Plaintiff,

vs.                                      Adv.Proc.No.:

LINDA JASKOLKA

      Defendant,
_____/

**COMPLAINT TO DETERMINE VALIDITY, PRIORITY, AND AMOUNT OF INTEREST IN REAL PROPERTY, TO QUIET TITLE, FOR DECLARATORY RELIEF PURSUANT TO BANKRUPTCY RULES 7001(2)(7) & (9), TO SELL REAL PROPERTY PURSUANT TO 11 U.S.C. §363(h), AND TO PARTITION REAL PROPERTY PURSUANT TO FLA. STAT. §64**

      The Plaintiff, **Michael R. Bakst, Trustee in Bankruptcy for Nicholas A. Pancoast**, ("Trustee") by and through undersigned counsel, hereby sue the Defendant, **Linda Jaskolka**, (the "Defendant"), to Determine Validity, Priority, and Amount of Interest in Real Property, to Quiet Title, For Declaratory Relief Pursuant to Bankruptcy Rules 7001(2)(7) & 9, to Sell Real Property Pursuant to 11 U.S.C. §363(h), and to Partition Real Property Pursuant to Fla. Stat. §64, and states:

### GENERAL ALLEGATIONS

      1.    This is an adversary proceeding brought by **Michael R. Bakst, Trustee in Bankruptcy for Nicholas A. Pancoast** seeking to Determine Validity, Priority, and Amount of Interest in Real Property, to Quiet Title, For Declaratory Relief Pursuant to Bankruptcy Rules

RM:6819325:1

1

7001(2)(7) & 9, to Sell Real Property Pursuant to 11 U.S.C. §363(h), and to Partition Real Property Pursuant to Fla. Stat. §64.

2. This Court has jurisdiction over this subject matter pursuant to 28 U.S.C. §157 and 1334(b), as well as Federal Bankruptcy Rules 7001(2) & (3).

3. This is a core proceeding for which the court is authorized to hear and determine all matters regarding this case in accordance with 28 U.S.C. §157(b)(2)(A), (N), and (O).

4. This bankruptcy was filed as a voluntary Chapter 7 proceeding on June 17, 2009. Michael R. Bakst has been appointed as the Chapter 7 Trustee, and upon the conclusion of the first meeting of creditors on July 21, 2009 became the permanent Trustee.

5. The Defendant, Linda Jaskolka, ("Defendant") resides in Jupiter, Florida, is the Debtor's mother, and is otherwise subject to the jurisdiction of this Court.

6. The Debtor list on his Schedule A an interest real property, located at 478 West Bluster Place, Citrus Springs with a value of $2,000.00, as joint tenants ("Bluster Property").

7. The Debtor list on his Schedule A an interest real property, located at 1850 West Evergreen Drive, Citrus Springs with a value of $2,000.00, as joint tenants ("Evergreen Property").

8. The Bluster Property and the Evergreen Property are collectively referred to herein as the "Real Properties".

9. Pursuant to a warranty deed dated July 15, 2005, the Debtor and the Defendant were granted the Bluster Property as joint tenants ("Bluster Deed").

10. A true and correct copy of the Bluster Deed is attached hereto as **Exhibit 1**.

11. The Bluster Property is more specifically described as:

> LOT 10, BLOCK 339, CITRUS SPRINGS, UNIT 4, ACCORDING TO THE MAP OR PLAT THEREOF AS RECORDED IN PLAT BOOK 5, PAGES 133 THROUGH 152, PUBLIC RECORDS OF CITRUS COUNTY, FLORIDA.

12. Pursuant to a warranty deed dated July 15, 2005, the Debtor and the Defendant were granted the Evergreen Property as joint tenants ("Evergreen Deed").

13. A true and correct copy of the Evergreen Deed is attached hereto as **Exhibit 2.**

14. The Evergreen Property is more specifically described as:

> LOT 3, BLOCK 406, CITRUS SPRINGS, UNIT 4, ACCORDING TO THE PLAT THEREOF AS RECORDED IN PLAT BOOK 5, PAGES 133 THROUGH 152,

INCLUSIVE, PUBLIC RECORDS OF CITRUS COUNTY, FLORIDA

15. On August 21, 2009, the Trustee sent a letter to the Defendant stating that the estate owns a one-half (1/2) interest to the Real Properties and asked whether she was interested in buying out the bankruptcy estate's interest for any sum or would agree to allow the Trustee to place the property for sale and split the net proceeds.

16. A true and correct copy of the letter to the Defendant is attached hereto as **Exhibit 3.**

17. The Trustee's counsel attempted to settle this matter with the Defendant, however, the Defendant rejected the Trustee's settlement offer.

18. The Bluster Property's estimated value is approximately $12,000.00.

19. The Evergreen Property's estimated value is approximately $12,000.00.

20. Upon the bankruptcy being filed, the Debtor's one-half (1/2) interest in the Real Properties became property of the estate pursuant to 11 U.S.C. §541. The estate holds an undivided one-half (1/2) interest within the subject Real Properties and the Defendant, Linda Jaskolka, owns a one-half (1/2) interest within the Real Properties.

## COUNT I - DETERMINATION AS TO VALIDITY, PRIORITY, AND AMOUNT OF INTEREST IN REAL PROPERTIES

21. Plaintiff realleges paragraphs 1 through 20 as if fully set forth herein.

22. The Defendant, Linda Jaskolka, may claim a one-half (1/2) interest in the subject Real Properties, however, any claim that the Defendant may have is inferior to that of the Trustee to the extent of the estate holding a one-half (1/2) interest in the Real Properties pursuant to the Bluster Deed and the Evergreen Deed, all of which is property of the bankruptcy estate pursuant to 11 U.S.C. §541.

23. Pursuant to 11 U.S.C. §541, 544(a)(1), 544(a)(2), 544(a)(3), and Bankruptcy Rule 7001(2), the Plaintiff/Trustee seeks an order from this Court determining that pursuant to the Bluster Deed and the Evergreen Deed the estate holds a one-half (1/2) interest in the Real Properties free and clear of any claim of right, title or interest of the Defendant, Linda Jaskolka.

24. Pursuant to 11 U.S.C. §541, 544(a)(1), 544(a)(2), 544(a)(3), and Bankruptcy Rule 7001(2), the Plaintiff/Trustee seeks an order from this Court determining that since the bankruptcy was filed before any attempted transfers based upon the public records in and for Citrus County, Florida as of the date of the bankruptcy filing, the Trustee is entitled to an order from the Court

RM:6819325:1

3

finding that the estate holds a one-half (1/2) interest in the subject Real Properties free and clear of any claim of right, title or interest of the Defendant, Linda Jaskolka.

WHEREFORE, **Michael R. Bakst, Trustee in Bankruptcy for Nicholas A. Pancoast**, respectfully requests that this Court enter judgment determining that pursuant to the Bluster Deed and the Evergreen Deed the estate holds a one-half (1/2) interest in the subject Real Properties free and clear of any claim of right, title or interest of the Defendant, Linda Jaskolka, and that the and the Defendant, Linda Jaskolka, owns a one-half (1/2) interest within the Real Properties, plus that the Court grant such other and further relief as the Court deems just and proper.

## COUNT II - ACTION TO QUIET TITLE

25.     Plaintiff/Trustee realleges paragraphs 1 through 20 as if fully set forth herein.

26.     This is an action to quiet title pursuant to Fla. Stat. §65, for which this Court has jurisdiction pursuant to 11 U.S.C. §105. The subject Real Properties are property of this bankruptcy estate, as otherwise defined by Fla. Stat. §689.07(1), however, the public records are clouded based upon the Bluster Deed and the Evergreen Deed naming both the Debtor and the Defendant, Linda Jaskolka, as each having a one-half (1/2) co-ownership to the Real Properties, while the Defendant, Linda Jaskolka, has disputed the estate's ownership interest.

27.     The Plaintiff/Trustee seeks an Order from this Court quieting title to the subject Real Properties providing that the Defendant, Linda Jaskolka, holds a one-half (1/2) ownership interest in the subject Real Properties, and that a one-half (1/2) interest in the Real Properties will be deemed owned by the bankruptcy estate free and clear of any interest which the Defendant, Linda Jaskolka, may claim.

28.     There is no declaration recorded among the public records in and for Citrus County, Florida declaring that the Real Properties are held other than for the benefit of the Debtor and the Defendant. Pursuant to the Bluster Deed and the Evergreen Deed validly devising a one-half (1/2) interest in the Real Properties to the Debtor and the Defendant whereby upon the filing of this bankruptcy, such a one-half (1/2) interest in such Real Properties became property of the bankruptcy estate pursuant to 11 U.S.C. §541.

WHEREFORE, **Michael R. Bakst, Trustee in Bankruptcy for Nicholas A. Pancoast**, respectfully requests that this Court enter a final judgment quieting title to the subject Real Properties thus determining that the Defendant, Linda Jaskolka, holds a one-half (1/2) ownership interest in the subject Real Properties and that the Bankruptcy estate holds a one-half (1/2) ownership interest in

RM:6819325:1

the Real Properties.

## COUNT III - ACTION FOR DECLARATORY RELIEF

29. Plaintiff/Trustee realleges paragraphs 1 through 20 as if fully set forth herein.

30. This is an action for declaratory relief pursuant to Federal Bankruptcy Rule 7001(9).

31. The Defendant, Linda Jaskolka, holds a one-half (1/2) interest in the subject Real Properties and will be able to continue to claim a one-half (1/2) interest in the subject Real Properties based upon the language of the Bluster Deed and the Evergreen Deed.

32. The Plaintiff/Trustee seeks a determination that the Defendant, Linda Jaskolka, holds a one-half (1/2) interest to the subject Real Properties, as otherwise defined by Fla. Stat. §689.07(1) and that the estate owns a one-half (1/2) ownership interest in the Real Properties.

33. A present controversy exists as to whether the Defendant is entitled to a one-half (1/2) ownership interest in the subject Real Properties, either as an owner, or otherwise, or an owner of the entire Real Properties, for which the Plaintiff/Trustee seeks a declaration of his rights pursuant to Federal Bankruptcy Rule 7001(9).

34. Pursuant to Florida Statute §689.07(1), there is no recording among the public records in and for Citrus County, Florida declaring that the Real Properties are held other than for the benefit of the Debtor and the Defendant. The Bluster Deed and the Evergreen Deed granted a one-half (1/2) interest in fee simple to the Debtor in regard to the subject Real Properties whereby upon the filing of this bankruptcy, such one-half (1/2) interest in the subject Real Properties became property of the bankruptcy estate pursuant to 11 U.S.C. §541.

WHEREFORE, **Michael R. Bakst, Trustee in Bankruptcy for Nicholas A. Pancoast**, respectfully requests that this Court grant a Declaratory Judgment in the Trustee's favor pursuant to Federal Rule of Bankruptcy Procedure 7001(9) determining that the Defendant, Linda Jaskolka owns a one-half (1/2) interest within the Real Properties and the Trustee holds a superior right, title, and interest in and to a one-half (1/2) interest to the Real Properties against the Defendant, Linda Jaskolka, whereby such one-half (1/2) interest to the Real Properties shall be deemed to be property of the bankruptcy estate pursuant to 11 U.S.C. §541, and the Court adjudicate such one-half (1/2) interest to the Real Properties which shall deemed to be property of the bankruptcy estate pursuant to 11 U.S.C. §541, which the Trustee shall be free to administer without interference by the Defendant, Linda Jaskolka, plus that the Court grant such other and further relief as the Court deems just and proper.

RM:6819325:1

## COUNT IV
## SALE OF REAL PROPERTIES PURSUANT TO 11 U.S.C. §363(h)

35. The Plaintiff/Trustee realleges paragraphs 1 through 20 as if fully set forth herein.

36. The Bluster Property's estimated value is approximately $12,000.00.

37. The Evergreen Property's estimated value is approximately $12,000.00.

38. Upon the Court finding that any portion of the Real Properties are property of the bankruptcy estate within any of this preceding Counts of this Complaint, the Trustee seeks to sell the estate's one-half (1/2) interest and the one-half (1/2) interests of the Defendant, Linda Jaskolka, as co-owners of the Real Properties.

39. Partition in kind of such Real Properties among the estate and the Defendant is impractical whereby there is no practicable manner of partition of such property, other than a sale and division of the proceeds. Upon information and belief, the Real Properties cannot be subdivided.

40. The sale of the estate's one-half (1/2) interest in the Real Properties would realize significantly less for the estate than the sale of such property free of the one-half (1/2) interest of the Defendant. There is a chilling effect upon any prospective purchase of the estate's one-half (1/2) interest as long as the Defendant retains any interest within the Real Properties.

41. The benefit to the estate of a sale of the Real Properties free of the one-half (1/2) interests of the Defendant out-weighs the detriment, if any, to the Defendant. From a sale of the Real Properties the Defendant would receive lump sum proceeds equal to one-half (1/2) of the net sale amount.

42. The Real Properties are not the homestead property of the Debtor or the Defendant.

43. The Real Properties are not used in the production, transmission or distribution, for sale, of electric energy, or of natural or synthetic gas for heat, light, or power.

WHEREFORE, pursuant to 11 U.S.C. §363(h) and Federal Bankruptcy Rule 7001(3), the **Michael R. Bakst, Trustee in Bankruptcy for Nicholas A. Pancoast**, seeks judgment in his favor and against the Defendant, Linda Jaskolka, providing that:

    (a) The Plaintiff may sell the estate's one-half (1/2) interest and the one-half (1/2) interests of the Defendant, Linda Jaskolka, in the Real Properties, whereby,

        (i) The Defendant, Linda Jaskolka, shall be given the right to purchase the properties at any proposed sale price the Trustee may obtain, pursuant to 11 U.S.C. §363(i); and,

    (ii) The Plaintiff, **Michael R. Bakst, Trustee in Bankruptcy for Nicholas A. Pancoast** may obtain the proceeds of such sale equivalent to the bankruptcy estate's one-half (1/2) interest and the Defendant, Linda Jaskolka may obtain the proceeds of such sale equivalent to her one-half (1/2) interests that she holds, less the costs and expenses of such sale as provided by 11 U.S.C. §363(j).

 (b) All court costs of this action and attorney fees of this action shall be deemed costs of the sale which must be deducted from the proceeds of the sale before any proceeds are then distributed to the estate and the Defendant, Linda Jaskolka.

 (c) The Court grant such other and further relief as the Court deems just and proper.

## COUNT V - PARTITION OF REAL PROPERTIES PURSUANT TO FLA. STAT. §64

44. The Plaintiff/Trustee realleges paragraphs 1 through 20 as if fully set forth herein.

45. This action relates to real property consisting of the Citrus County, Florida real properties as described more specifically in paragraphs eleven (11) and fourteen (14) above ("Real Properties"). The Defendant, Linda Jaskolka, claims a one-half (1/2) interest in the Real Properties while the Trustee also asserts a one-half (1/2) interest in this Real Properties.

46. The Defendant and the Trustee are the only people that may claim an interest in the Real Properties. To whatever extent the Trustee would have a residence within his capacity as trustee of this estate, as defined within Fla. Stat. §64.041, it would be his business address in West Palm Beach, Florida located at 222 Lakeview Avenue, Suite 800, West Palm Beach, Florida 33401.

47. The Real Properties are indivisible and are held between the parties as joint tenants with full rights of survivorship. The Trustee is unaware of any other persons that may claim an interest within the subject Real Properties other than those persons which are parties to this proceeding.

48. The Plaintiff/Trustee seeks a ruling from this Court adjudicating the rights and interests of the parties whereby the Court would find that pursuant to Fla. Stat. §64.061(4), the Real Properties are indivisible and not subject to partition whereby the Real Properties would not actually be divided into subparts. Instead, the Trustee would appoint an individual to act as a realtor to make a sale of the entire Real Properties at private sale, while reserving jurisdiction to order a public sale

upon motion of the Trustee as outlined within Fla. Stat. §64.071 if attempts at selling the Real Properties through a private sale prove to be unsuccessful.

49. Pursuant to Fla. Stat. §64.081, the Trustee seeks an award of attorney fees and costs to be determined on equitable principles in proportion to the parties' interest. Further, the Trustee seeks a judgment from the Court ordering that the costs and attorney fees must be paid from the moneys arising from the sale and due to the parties who ought to pay the same.

50. The Trustee also seeks a judgment providing that all taxes, state, county, and municipal, due thereon at the time of the sale, shall be paid out of the purchase money.

**WHEREFORE**, pursuant to Florida Statute §64 and Federal Rule of Bankruptcy Procedure 7001(7), the Plaintiff, **Michael R. Bakst, Trustee in Bankruptcy for Nicholas A. Pancoast**, seeks judgment in his favor and against the Defendant, Linda Jaskolka, providing that:

(a) The subject Real Properties are indivisible and not subject to partition whereby the Real Properties can not be divided into subparts. Instead, the Trustee would appoint an individual to sell the entire subject Real Properties. Thereafter, from such sale:

(i) The Trustee and the Defendant, Linda Jaskolka, would obtain the proceeds of such sale equivalent to their respective one-half (1/2) interests, less the costs, including, but not limited to a realtor's fee and normal and customary closing costs, and attorney fees incurred in bringing this action as provided by Fla. Stat. §64.081;

(b) All court costs of this action and attorney fees of this action shall be deemed costs of the sale which must be deducted from the proceeds of the sale attributable to the Defendant, Linda Jaskolka before any proceeds are then distributed to the Defendant, Linda Jaskolka, pursuant to Fla. Stat. §64.081; and

(c) The Court grant such other and further relief as the Court deems just and proper, including, but not limited to, reserving jurisdiction to order a public sale as provided by Fla. Stat. §64.071, requiring all persons residing in the Real Properties to vacate that property, reserving jurisdiction to enforce the terms of the Court's judgment by way of gaining access to the properties through the use of the United States Marshal, approving the retention a real estate broker as a special master to sell the subject real properties, and authorizing the Trustee to obtain keys and other items necessary to secure the properties.

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice

RM:6819325:1

in this Court set forth in Local Rule 2090-1(A).

DATED this the 16th day of October 2009.

>RUDEN, McCLOSKY, SMITH,
>SCHUSTER & RUSSELL, P.A.
>
>Michael R. Bakst, Esq.
>Florida Bar No.: 866377
>Marla B. Neufeld, Esq.
>Florida Bar No.: 046262
>Attorneys for the Trustee
>222 Lakeview Ave., Suite 800
>West Palm Beach FL 33401
>Telephone: (561) 838-4523
>Facsimile: (561) 514-3423
>Email: michael.bakst@ruden.com
>marla.neufeld@ruden.com

RM:6819325:1

9

THIS INSTRUMENT PREPARED BY AND RETURN TO:
JESSICA HOLCOMB
American Title Services of Citrus County, Inc.
2230 Highway 44 West
Inverness, Florida 34453
Property Appraisers Parcel I.D. No: 18E-17S-100040-03390-0100


2005054148 1 PG

_____SPACE ABOVE THIS LINE FOR RECORDING DATA_____

**THIS WARRANTY DEED**, made the 15th day of July, 2005 by CITRUS CITRUS 200, LLC, herein called the grantor, to NICHOLAS PANCOAST and LINDA JASKOLKA, joint tenants with full rights of survivorship whose post office address is 128 TIMBERLINE DR., JUPITER, FL 33458, hereinafter called the Grantees:
*(Wherever used herein the terms "grantor" and "grantee" include all the parties to this instrument and the heirs, legal representatives and assigns of individuals, and the successors and assigns of corporations)*

W I T N E S S E T H: That the grantor, for and in consideration of the sum of TEN AND 00/100'S ($10.00) Dollars and other valuable considerations, receipt whereof is hereby acknowledged, hereby grants, bargains, sells, aliens, remises, releases, conveys and confirms unto the grantee all that certain land situate in CITRUS County, State of Florida, viz.:

LOT 10, BLOCK 339, CITRUS SPRINGS, UNIT 4, ACCORDING TO THE MAP OR PLAT THEREOF AS RECORDED IN PLAT BOOK 5, PAGES 133 THROUGH 152, PUBLIC RECORDS OF CITRUS COUNTY, FLORIDA.

TOGETHER, with all the tenements, hereditaments and appurtenances thereto belonging or in anywise appertaining.

TO HAVE AND TO HOLD, the same in fee simple forever.

AND, the grantor hereby covenants with said grantees that the grantor is lawfully seized of said land in fee simple; that the grantor has good right and lawful authority to sell and convey said land, and hereby warrants the title to said land and will defend the same against the lawful claims of all persons whomsoever; and that said land is free of all encumbrances, except taxes accruing subsequent to December 31, 2003.

IN WITNESS WHEREOF, the said grantor has signed and sealed these presents the day and year first above written.

Signed, sealed and delivered in the presence of:

_____
Witness #1 Signature
LARRY WORKMAN
Witness #1 Printed Name
_____
Witness #2 Signature
Brooke Perkins
Witness #2 Printed Name

CITRUS CITRUS 200, LLC
_____
DOV RAPOPORT, MANAGAER
730 NW 7TH AVE, BOCA RATON, FL 33486

OFFICIAL RECORDS
CITRUS COUNTY
BETTY STRIFLER
CLERK OF THE CIRCUIT COURT
RECORDING FEE         $10.00
DOCUMENTARY TAX      $291.00
# 2005054148 BK:1884 PG:1598
07/28/2005 02:18 PM 1 PG
LMITCHELL, DC Receipt #837711

STATE OF FLORIDA
COUNTY OF CITRUS

The foregoing instrument was acknowledged before me this 15th day of July, 2005 by DOV RAPOPORT, MANAGAER of CITRUS CITRUS 200, LLC on behalf of the corporation. He/She is personally known to me or has produced _____ as identification.

SEAL   [CARMEN RODRIGUEZ-VISEK
        MY COMMISSION #DD215745
        EXPIRES: MAY 27, 2007
        Bonded through Advantage Notary]

My Commission Expires: May 27, 2007

Carmen Rodriguez-Visek
Notary Signature

Carmen Rodriguez-Visek
Printed Notary Signature

File No.: 05-17562

EXHIBIT "1"

THIS INSTRUMENT PREPARED BY AND RETURN TO:
JESSICA HOLCOMB
American Title Services of Citrus County, Inc.
2230 Highway 44 West
Inverness, Florida 34453
Property Appraisers Parcel I.D. No:



```
2005067531 1 PG

OFFICIAL RECORDS
CITRUS COUNTY
BETTY STRIFLER
CLERK OF THE CIRCUIT COURT
RECORDING FEE:          $10.00
DOCUMENTARY TAX:       $231.00
# 2005067531 BK: 1889 PG: 1113
07/29/2005 02:01 PM 1 PG
LMITCHELL,DC Receipt #039654
```

_____ Space Above This Line For Recording Data _____

**THIS WARRANTY DEED**, made the 15th day of July, 2005 by AVI YOGEV, herein called the grantor, to NICHOLAS PANCOAST and LINDA JASKOLKA, joint tenants with full rights of survivorship, whose post office address is <u>128 Timberline Dr., Jupiter, FL 33458</u>, hereinafter called the Grantees:
*(Wherever used herein the terms "grantor" and "grantee" include all the parties to this instrument and the heirs, legal representatives and assigns of individuals, and the successors and assigns of corporations)*

W I T N E S S E T H: That the grantor, for and in consideration of the sum of TEN AND 00/100'S ($10.00) Dollars and other valuable considerations, receipt whereof is hereby acknowledged, hereby grants, bargains, sells, aliens, remises, releases, conveys and confirms unto the grantee all that certain land situate in CITRUS County, State of Florida, viz.:

LOT 3, BLOCK 406, CITRUS SPRINGS, UNIT 4, ACCORDING TO THE PLAT THEREOF AS RECORDED IN PLAT BOOK 5, PAGES 133 THROUGH 152, INCLUSIVE, PUBLIC RECORDS OF CITRUS COUNTY, FLORIDA.

Grantor hereby certifies that the above described property is not his/her constitutional homestead as made and provided by the laws of the State of Florida, and is not now and never has been contiguous to Grantor's homestead.

TOGETHER, with all the tenements, hereditaments and appurtenances thereto belonging or in anywise appertaining.

TO HAVE AND TO HOLD, the same in fee simple forever.

AND, the grantor hereby covenants with said grantees that the grantor is lawfully seized of said land in fee simple; that the grantor has good right and lawful authority to sell and convey said land, and hereby warrants the title to said land and will defend the same against the lawful claims of all persons whomsoever; and that said land is free of all encumbrances, except taxes accruing subsequent to December 31, 2004.

IN WITNESS WHEREOF, the said grantor has signed and sealed these presents the day and year first above written.

Signed, sealed and delivered in the presence of:

_____
Witness #1 Signature
KATHY WORKMAN
Witness #1 Printed Name

_____
Witness #2 Signature
Brooke Perkins
Witness #2 Printed Name

_____
AVI YOGEV
4411 DEL PRADO BLVD N., CAPE CORAL, FL 33904

STATE OF FLORIDA
COUNTY OF

The foregoing instrument was acknowledged before me this 15th day of July, 2005 by AVI YOGEV who is personally known to me or has produced <u>Driver's License</u> as identification.

**SEAL**

CARMEN RODRIGUEZ-VISEK
MY COMMISSION #DD215745
EXPIRES: MAY 27, 2007
Bonded through Advantage Notary

Carmen Rodriguez-Visek
Notary Public

Carmen Rodriguez-Visek
Printed Notary Name

My commission expires: May 27, 2007

File No: 05-17625

EXHIBIT "2"

# MICHAEL R. BAKST, TRUSTEE

UNITED STATES BANKRUPTCY TRUSTEE

PMB-702, SUITE 160
222 LAKEVIEW AVENUE
WEST PALM BEACH, FL 33401

TELEPHONE 561.838.4539
FACSIMILE 561.514.3439
E-MAIL bakstirustee@ruden.com

August 21, 2009

**VIA CERTIFIED MAIL
AND REGULAR MAIL**
Linda Jaskolka
128 Timberline Drive
Jupiter, FL 33458

Re:  Nicholas A. Pancoast
     Case No.: 09-22132-BKC-EPK

Dear Ms. Jaskolka,

On June 17, 2009, the debtors filed a Chapter 7 bankruptcy in the Southern District of Florida (Case No. 09-22132-BKC-EPK) and I have been appointed as the Chapter 7 Trustee. Enclosed please find the Notice of Commencement.

As you own a one-half (1/2) interest in the property located at 478 W. Bluster Place, Citrus Springs, FL and 1850 Evergreen Drive, Citrus Springs, FL, and the bankruptcy estate owns a one half (1/2) interest, I am contacting you to see if you are interested in buying out the bankruptcy estate's interest for any sum or will agree to allow me to place the property for sale and split the net proceeds between yourself and the bankruptcy estate.

As Trustee of the bankruptcy estate, I am unable to provide you legal advice. Therefore, before making a decision, I recommend that you seek the legal advice of an attorney to

advise you of your legal rights. You may have the attorney contact me at the number listed above. However, I need your decision by **September 10, 2009**. Once your decision is made, please notify my office with your decision so that I may take the appropriate legal action. I look forward to hearing from your or your attorney in regard to this matter.

RM:6720432:1

EXHIBIT "3"

Linda Jaskolka
Page 2
August 21, 2009

Thank you for your attention to this matter.

Very truly yours,

**MICHAEL R. BAKST, TRUSTEE**

By: _____
Michael R. Bakst

MRB\ddp
Enclosure

RM:6720432:1

FORM B9A (Chapter 7 Individual or Joint Debtor No Asset Case) (12/1/08)                             Case Number 09-22132-EPK

# UNITED STATES BANKRUPTCY COURT
## Southern District of Florida
### www.flsb.uscourts.gov

## Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines

A chapter 7 bankruptcy case concerning the debtor(s) listed below was filed on 6/17/09.
You may be a creditor of the debtor. This notice lists important deadlines. You may want to consult an attorney to protect your rights.
All documents filed in the case may be accessed electronically via CM/ECF including at the public access terminals in every clerk's office.
**NOTE: THE STAFF OF THE BANKRUPTCY CLERK'S OFFICE CANNOT GIVE LEGAL ADVICE.**

See Reverse Side For Important Explanations and SDFL Local Court Requirements.

Debtor(s) name(s) and address(es) (for names include married, maiden and trade used by the debtor(s) in the last 8 years):
Nicholas A Pancoast
128 Timberline Drive
Jupiter, FL 33458

| Case Number:<br>09-22132-EPK | Last four digits of Social-Security or Individual Taxpayer-ID (ITIN) No(s)./Complete EIN:   xxx-xx-7339 |
|---|---|
| Attorney for Debtor(s) (or Pro Se Debtor) name and address:<br>Sean I Koplow Esq<br>6801 Lake Worth Rd #214<br>Lake Worth, FL 33467<br>Telephone number: (561) 255-1122 | Bankruptcy Trustee (name and address):<br>Michael R Bakst<br>PMB 702<br>222 Lakeview Ave #160<br>West Palm Beach, FL 33401<br>Telephone number:  561-838-4539 |

## MEETING OF CREDITORS

Date:  July 21, 2009                                    Time:  04:00 PM
Location: **Flagler Waterview Bldg, 1515 N Flagler Dr Rm 870, West Palm Beach, FL 33401**

Note: Debtors must bring original government-issued photo identification and proof of the social security number (or if applicable Tax ID) to this meeting.
WARNING TO DEBTOR: Without further notice or hearing the court may dismiss your case for failure to timely pay filing fee installments, failure to appear at the meeting of creditors or failure to timely file required schedules, statements or lists, and for failure to file pre-bankruptcy certification of credit counseling or file wage documentation.

## Presumption of Abuse under 11 U.S.C. § 707(b)
*See "Presumption of Abuse" on reverse side.*

The presumption of abuse does not arise.

## Deadlines:

Documents submitted for filing must be *received* by the bankruptcy clerk's office by the following deadlines:

**Deadline to File a Complaint Objecting to Discharge of the Debtor or to Determine Dischargeability of Certain Debts:  9/21/09**
**Deadline to Object to Trustee's Report of Abandonment:** See explanation on reverse.
**Deadline to Object to Exemptions:**
Thirty days after the conclusion of the meeting of creditors scheduled in this notice or within thirty days of any amendment to the list or supplemental schedules.

## Creditors May Not Take Certain Actions:

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

## Please Do Not File a Proof of Claim Unless You Receive a Notice To Do So.

## Creditor with a Foreign Address

A creditor to whom this notice is sent at a foreign address should read the information under "Do Not File a Proof of Claim at This Time" on the reverse side.

| Address of the bankruptcy clerk's office where assigned judge is chambered:<br>Flagler Waterview Bldg<br>1515 N Flagler Dr #801<br>West Palm Beach FL 33401<br>Telephone: 561-514-4100 | |
|---|---|
| Hours Open:  Monday - Friday 9:00 AM - 4:30 PM<br>Closed all Legal Holidays | Clerk of the Bankruptcy Court:  Katherine Gould Feldman<br>For:  Judge Erik P. Kimball<br>Date:  6/18/09 |

Case 09-22132-EPK    Doc 2    Filed 06/17/09    Page 2 of 2

# EXPLANATIONS

FORM B9A (12/1/08)

| | |
|---|---|
| Filing of Chapter 7 Bankruptcy Case | A bankruptcy case under Chapter 7 of the Bankruptcy Code (title 11, United States Code) has been filed in this court by or against the debtor(s) listed on the front side (or the existing case under another chapter has been converted to chapter 7). |
| Creditors Generally May Not Take Certain Actions | Prohibited collection actions are listed in Bankruptcy Code §362. Common examples of prohibited actions include contacting the debtor by telephone, mail or otherwise to demand repayment; taking actions to collect money or obtain property from the debtor; repossessing the debtor's property; starting or continuing lawsuits or foreclosures; and garnishing or deducting from the debtor's wages. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. |
| Presumption of Abuse | If the presumption of abuse arises, creditors may have the right to file a motion to dismiss the case under § 707(b) of the Bankruptcy Code. The debtor may rebut the presumption by showing special circumstances. |
| Meeting of Creditors | A meeting of creditors is scheduled for the date, time and location listed on the front side. *The debtor (both spouses in a joint case) must be present with required original government-issued photo identification and proof of the social security number (or, if applicable, Tax ID) at the meeting to be questioned under oath by the trustee and by creditors.* Creditors are welcome to attend, but are not required to do so. The meeting may be continued and concluded at a later date without further notice. As mandated by the Department of Homeland Security, **ALL** visitors (except minors accompanied by an adult) to any federal building or courthouse, must present a current, valid, government issued photo identification (e.g., drivers license, state identification card, passport, or immigration card). |
| Do Not File a Proof of Claim at This Time | There does not appear to be any property available to the trustee to pay creditors. *You therefore should not file a proof of claim at this time.* If it later appears that assets are available to pay creditors, you will be sent another notice telling you that you may file a proof of claim, and telling you the deadline for filing your proof of claim. If this case is converted from chapter 13, pursuant to Local Rules 1019-1(E) and 3002-1(A), it has been designated as a no asset case at this time. If this notice is mailed to a creditor at a foreign address, the creditor may file a motion requesting the court to extend the deadline. |
| Discharge of Debts | The debtor is seeking a discharge of most debts, which may include your debt. A discharge means that you may never try to collect the debt from the debtor. If you believe that the debtor is not entitled to receive a discharge under Bankruptcy Code §727(a) *or* that a debt owed to you is not dischargeable under Bankruptcy Code §523(a)(2), (4), or (6), you must start a lawsuit by filing a complaint by the "Deadline to File a Complaint Objecting to Discharge of the Debtor or to Determine Dischargeability of Certain Debts" listed on the front side. The bankruptcy clerk's office must receive the complaint and the required filing fee by that Deadline. Writing a letter to the court or judge is not sufficient. An adversary complaint must be filed in accordance with the applicable rules. The discharge will not be issued until the Official Bankruptcy Form "Debtor's Certification of Completion of Postpetition Instructional Course Concerning Personal Financial Management" is filed by the debtor. |
| Exempt Property | The debtor is permitted by law to keep certain property as exempt. Exempt property will not be sold and distributed to creditors. The debtor must file a list of all property claimed as exempt. If you believe that an exemption claimed by the debtor is not authorized by law, you may file an objection to that exemption. The bankruptcy clerk's office must receive the objections by the "Deadline to Object to Exemptions" listed on the front side. |
| Bankruptcy Clerk's Office | Documents filed conventionally in paper may be filed at any bankruptcy clerk's office location. Documents may be viewed in electronic format at any clerk's office public terminal (at no charge for viewing) or via PACER ON THE INTERNET (charges apply). Case filing information and unexpired deadline dates can be obtained by calling the Voice Case Information System: (305)536-5979 or (800)473-0226. |
| Creditor with a Foreign Address | Consult a lawyer familiar with United States bankruptcy law if you have any questions regarding your rights in this case. |
| Abandonment of Property by Trustee | Pursuant to Local Rule 6007-1(A), the trustee will abandon at the meeting of creditors all property that the trustee has determined is of no value to the estate and file a report within 2 business days. Objections to the report must be filed within 15 calendar days of the meeting. |
| Electronic Bankruptcy Noticing | Parties can now choose to receive all notices (including attachments) served by the clerk's office electronically instead of via US mail. For information on or to register for this free service, contact the Bankruptcy Noticing Center at www.ebnuscourts.com |
| Translating Services | Language interpretation of the meeting of creditors will be provided to the debtor at no cost, upon request to the trustee, through a telephone interpreter service. Persons with communications disabilities should contact the U.S. Trustee's office to arrange for translating services at the meeting of creditors. |
| --- Refer to Other Side for Important Deadlines and Notices --- ||